# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PARIS PRESENTS INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | Case Number: |
| ) | |
| ) | Judge: |
| vs. ) | |
| ) | |
| ACCESSORY ZONE, LLC ) | |
| D/B/A BATHMARK, INC., ) | |
| ) | |
| Defendants. ) | |

---

### COMPLAINT AND DEMAND FOR JURY TRIAL
---

Paris Presents Incorporated ("Plaintiff" or "Paris Presents") makes the following complaint against defendant Accessory Zone, LLC, d/b/a Bathmark, Inc.:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1.      This is an action for trade dress infringement, trade dress dilution and unfair competition arising out of a recent national introduction of a cosmetic brush line being sold under the brand of NATURAL BEAUTY by Accessory Zone, LLC, d/b/a Bathmark, Inc. (the "Defendant" or "Bathmark").

2.      Plaintiff recently learned that the Defendant has commenced an unlawful campaign to lure customers and retailers into purchasing its NATURAL BEAUTY cosmetic brushes in the mistaken belief that NATURAL BEAUTY branded cosmetic brushes are the same brand as, or is sponsored by or affiliated with, the ECOTOOLS brand, Plaintiff's uniquely-styled cosmetic brushes featuring vinyl pouches with distinctive sewn-in fabric brand tags, fabric exposure on the back, stitching on the front, green foliage on the packaging, branding on the label, zip-top reusable pouch and a general message of earth-friendly positioning or ecological awareness that has been on

the market for over two years.  In addition to the Defendant's use of confusingly similar trade dress, the brushes themselves are near-exact copies of Plaintiff's brushes sold in nearly identical packaging:  the brushes have bamboo handles of a pale yellow coloring with a silver metal band beneath a splayed set of bristles and have a "burned in" look for the brand name on the handle of the brush.

        3.      The accompanying photographs of the brushes in the distinctive packaging show that the Defendant is copying so many of the key elements of the distinctive ECOTOOLS packaging and display that it cannot be the result of coincidence.  The similarities include:  (i) the size of the brush; (ii) the shape of the brush; (iii) the color and bamboo material used to form the handle and sleek ferrule made from recycled material; (iv) the "burned in" brand name on the handle of the brush; (v) the stitching on the front of the package; (vi) the type of packaging (slender vinyl pouch with a display hook hole); (vii) the green foliage detailing; (viii) fabric exposure on the back; (ix) fabric trade tag on the front and cloth insert into packaging; (x) branding on the label; (xi) zip-top reusable pouch; (xii) the "cruelty free" synthetic Taklon bristles; and, (xiii) the general message of eco or earth-friendliness.
Below is a "side-by-side" comparison of the Plaintiff's ECOTOOLS brush and packaging and the Defendant's NATURAL BEAUTY brush and packaging.

**COMPARISON OF ECOTOOLS AND NATURAL BEAUTY BRUSHES AND TRADE DRESS**

| NATURAL BEAUTY and ECOTOOLS BLUSH PACKAGING and BRUSHES - FRONT | SIMILARITIES |
|---|---|
| | <ul><li>Brushes are nearly identical in size, color, shape and bamboo material with "burned in" brand on handle and recycled metal ferrule;</li><li>Cloth stitching on packaging;</li><li>Cloth insert in packaging;</li><li>Slender reusable vinyl pouch with display hook hole;</li><li>Stitched fabric brand tag;</li><li>green foliage detailing;</li><li>exact verbiage: "Bamboo blush brush" "Cruelty free";</li><li>Similar brand: "Natural Beauty" and "earth-friendly beauty"</li></ul> |

3

| NATURAL BEAUTY and ECOTOOLS FOUNDATION PACKAGING and BRUSHES - BACK | SIMILARITIES |
|---|---|
|  | <ul><li>Fabric exposure at top;</li><li>Cloth stitching on packaging;</li><li>green foliage detailing;</li><li>exact verbiage: "Bamboo foundation brush"</li><li>Branding is similar: brand name shown in a rectangular box in the exact same location</li></ul> |

4.  The Defendant's unlawful conduct is causing and will continue to cause serious and irreparable harm to Paris Presents. Retailers and consumers will be confused by the knock-off packaging and appearance of Defendant's brushes. In addition, Plaintiff's ECOTOOLS is a well known brand known to its customers as producing a high quality product that is eco or earth friendly. Defendant's lower quality brushes marketed to appear the same as the ECOTOOLS brushes will damage the good will that Paris Presents Incorporated has spent the last two years in developing.

## THE PARTIES

5. Paris Presents Incorporated is an Illinois Corporation with its principal place of business located at 3800 Swanson Court, Gurnee, IL 60031.

6. Accessory Zone, LLC, d/b/a Bathmark, Inc., is a New York limited liability company with its principal place of business located at 350 Fifth Avenue, 4th Floor, New York, NY 10118.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338; and supplemental jurisdiction under 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over the Defendant in that it conducts business in this district pursuant to 815 ILCS § 602/5-80.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions that give rise to this action occurred in this district.

## ECOTOOLS AND ITS TRADE DRESS

10. Paris Presents developed the idea of marketing an earth-friendly set of cosmetic brushes in 2007. To express the earth-friendliness of the product, Paris Presents made a concerted effort to design brushes and their packaging to convey to consumers that the product was manufactured in a way as to have a minimal impact on the environment. This was accomplished by the various elements of the product display and the design elements of the packaging previously described in this complaint. Plaintiff's concept of an earth-friendly cosmetics brush in packaging that emphasized this fact was unique in the industry when introduced by Plaintiff. Since the introduction of the ECOTOOLS brushes in 2007, the brand has grown to include many other cosmetic

products including, but not limited to, body creams, washes, lotions and sprays, bamboo moisture gloves and socks, loofah sponges, bath sponges and cosmetic cases.

11. Due to its unique and distinctive packaging and product display, as well as, its emphasis on being earth-friendly, Plaintiff's "ECOTOOLS" brand is a recognized category leader for cosmetic brushes and other cosmetic products. Notwithstanding the high quality of the ECOTOOLS products, the success of the ECOTOOLS brand has been based largely on its distinctive trade dress packaging and the eco or earth friendly image that the trade dress conveys. Consumers expect high quality brushes and an eco-sustainable, earth-friendly product from the ECOTOOLS brand when they see the distinctive packaging as described in this complaint.

12. Plaintiff has engaged in extensive advertising efforts to support their ECOTOOLS brand including heavy promotion of the distinctive and recognizable trade dress packaging described herein. This effort, coupled with the high quality of Plaintiff's product, has resulted in national sales of its ECOTOOLS products of multiple millions of units.

13. Much of Plaintiff's success in marketing its ECOTOOLS line is the result of the unique packaging described herein, the products' consistently high quality, its earth friendliness and the advertising described in paragraph 12.

14. Unsolicited media attention and commentary demonstrate that the unique packaging of the ECOTOOLS product line has been instrumental in its success. Many members of the media reflected on EcoTools packaging as a selling point and notable quality. For example, *Ladies Home Journal* stated: "Strengths: quality, good packaging, accessible." *Conde Nast Traveler* said: "Great design and packaging—looks more expensive than it is." *In Touch* stated: "I think of the eco-friendly factor [when hearing the name "EcoTools"] – even the package reminds you of that!"

6

15. ECOTOOLS brushes are sold throughout the United States primarily in mass market channels such as drug stores, large retail outlets such as big box type stores, and grocery stores.

## DEFENDANT'S BAD FAITH

16   Defendant exhibits its bad faith by the sheer similarity of its packaging to that of the ECOTOOLS brushes.  Whereas, other brands of cosmetic brushes are packaged in a variety of ways, including paper boxes, acetate boxes, vinyl packages with snap closures, blister cards, and in bulk; Defendant intentionally chose to precisely and slavishly mimic all details of the ECOTOOLS packaging as further described in this complaint.

17. Other competitors of ECOTOOLS brushes have been able to market their cosmetic brushes as being earth-friendly without copying Plaintiff's ECOTOOLS packaging. As the examples shown below demonstrate, such brushes and their packaging convey similar messages without copying the ECOTOOLS distinctive trade dress.

## OTHER ECO-FRIENDLY BRUSHES

| Aveda® Flax Brush | |
|---|---|
|  | The Aveda® Flax Brush boasts "eco-responsibility" and features eco-friendly elements such as a flax infused brush handles and a gold-textured carrying case and is dissimilar to Plaintiff's eco-friendly brushes |

| Urban Decay® brushes | |
|---|---|
|  | Urban Decay® Brushes features a line of cruelty-free "vegan" items.  Although touted as cruelty-free and "sustainable," the brushes do not resemble Plaintiff's trade dress. Urban Decay® packaging is also dissimilar to Plaintiff's packaging. |

| **Teddy Bear Hair Brush** | |
|---|---|
|  | Too Faced Cosmetics offers a "Teddy Bear Hair Brush" brush line which also features a synthetic hair line of brushes and are sold in pink vinyl containers. Both the brushes and their packaging are dissimilar to Plaintiff's ECOTOOLS brushes and packaging. |

| **Sonia Kashuk® Eco-Chic Collection** | |
|---|---|
|  | Sonia Kashuk has a limited edition Eco-Chic collection coming out in spring 2010 with an eco friendly positioning, including bamboo "eco" handles. The "Out-of-the-Woods" 6-piece brush set recently featured in *Vanity Fair* magazine looks vastly different than Plaintiff's ECOTOOLS products.<br>See packaging on the next page. |

| Sonia Kashuk® Eco-Chic Collection |
|---|
| Sonja Kashuk 6 piece brush set.<br><br>  |

## OTHER COSMETIC BRUSH PRODUCTS

Defendant's conduct is all the more culpable when measured against the other cosmetic brushes, not in the eco friendly line, that are available to the public. A survey of the trade dress of other cosmetic brush products shows the many, virtually limitless options available to companies that wish to market cosmetic brush products. As the additional examples shown below demonstrate, such brushes and their packaging in no way resemble the ECOTOOLS distinctive trade dress.

10

| Sonia Kashuk | Sonia Kashuk | Japonesque | Posh |
|---|---|---|---|



The great differences in the types of trade dress for brushes, including eco or earth-friendly brushes, show the many, virtually limitless options available to companies that wish to enter the market.  Thus, the similarity of Defendant's NATURAL BEAUTY trade dress to the Plaintiff's ECOTOOLS trade dress is all the more striking when viewed in light of this range of designs for other products in this category and shows clearly the slavish imitation of Defendant's NATRUAL BEAUTY trade dress.

11

**LIKELIHOOD OF CONFUSION**

18.     Due to the great similarity of trade dress of the Defendant's NATURAL BEAUTY line of brushes and their packaging with ECOTOOLS, there is a high likelihood that consumers and retailers will confuse the products and mistakenly buy the NATURAL BEAUTY brushes thinking they are purchasing ECOTOOLS brushes.

**IRREPARABLE HARM**

19.     Since both ECOTOOLS and NATURAL BEAUTY brushes are sold in mass market channels such as drug, grocery and big box type stores; and are purchased often as an impulse buy; it is unlikely that purchasers exercise a great deal of care when buying.  That being the case, the near-identical trade dress of the Defendant's NATURAL BEAUTY brushes are likely to confuse a customer sufficiently to buy the wrong brand, thinking they are buying an ECOTOOLS brush.  As a result, Paris Presents will suffer lost sales and lost profit.

20.     Paris Presents has spent a great deal of its time and resources to insure the loyalty of its distributors and retail outlets.  This loyalty is threatened by the conduct of the Defendant as described herein.  Once the loyalty of distributors, retailers and the customers themselves is lost, it is virtually impossible to regain; and that will cause Plaintiff irreparable injury.

21.     Defendant's conduct described herein will also damage Plaintiff's brand recognition, especially in the earth-friendly field of cosmetics brushes.

22.     Because Defendant's brushes are not of the same quality as Plaintiff's, customers, distributors and retailers will no longer trust (and purchase) Plaintiff's brushes due to the confusion with Defendant's strikingly similar trade dress.

**COUNT 1: TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND TRADE DRESS DILUTION UNDER SECTION 43(a) OF THE LANHAM ACT**

23. Plaintiff incorporates those allegations in paragraphs 1-22.

24. The trade dress, described herein, of the Plaintiff in its ECOTOOLS line of brushes is used in commerce, is non-functional, is inherently distinctive and has also acquired substantial secondary meaning in the marketplace.

25. Defendant's NATURAL BEAUTY line of brushes, now being sold in this district as well as nationally, uses trade dress that is confusingly similar to the trade dress of Plaintiff's ECOTOOLS and is marketed in a way designed to confuse retailers and consumers. Defendant's manufacture, sale, distribution and marketing of its NATURAL BEAUTY brushes is likely to cause confusion; and deceive retailers and consumers as to the source, origin and sponsorship of the products.

26. Defendant's acts constitute unfair competition, trade dress infringement, false designation of origin and trade dress dilution. These acts will cause great and irreparable injury to Plaintiff and there is no adequate remedy at law available to the Plaintiff.

27. Defendant's acts described herein constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c).

28. Plaintiff is entitled to injunctive relief against the Defendant restraining them from any further acts of unfair competition, trade dress infringement and false designation of origin; and for damages as provided by law.

**COUNT 2: TRADE DRESS DILUTION UNDER ILLINOIS LAW**

29. Plaintiff realleges paragraphs 1-28.

30. Defendant is liable to Plaintiff for trade dress dilution under Illinois' Uniform Deceptive Trade Practices Act, e.g. 765 ILCS § 1036/65 and under Illinois

common law on the grounds that Plaintiff's EcoTools trade dress has become famous and Defendant willfully intended to trade on Plaintiff's reputation and cause a dilution of Plaintiff's trade dress as described herein.

### COUNT 3: DECEPTIVE ACTS AND UNFAIR COMPETITION UNDER ILLINOIS LAW

31. Plaintiff realleges paragraphs 1-30.

32. Defendant is liable to Plaintiff for deceptive acts and unfair competition under Illinois' Uniform Deceptive Trade Practices Act, e.g. 815 ILCS § 510/2 and under Illinois common law, in that Defendant passes off its Natural Beauty brushes as those of Plaintiff's; causes likelihood of confusion or misunderstanding to consumers and retailers as to the source of its Natural Beauty brushes; and causes likelihood of confusion or misunderstanding to consumers and retailers as to the affiliation or connection of its Natural Beauty brushes with those of Plaintiff's EcoTools line of brushes.

### COUNT 4: CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES UNDER ILLINOIS LAW

33. Plaintiff realleges paragraphs 1-32.

34. Defendant is liable to Plaintiff for consumer fraud and deceptive business practices under Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.*, in that Defendant's unauthorized use of the ECOTOOLS trade dress, or approximations or simulations thereof, misleads and deceives the public by suggesting an association, connection or affiliation of Defendant with Plaintiff and therefore constitutes an unfair method of competition and a deceptive act or practice.

### PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1. Preliminary and permanent injunctions enjoining Defendant and all those acting in concert or participation with them (including, but not limited to, their officers,

directors, agents, servants, distributors, retailers, employees, representatives, attorneys, subsidiaries, affiliates, related companies, successors, assigns and contracting parties) from manufacturing, shipping, advertising, marketing, promoting, selling or offering for sale NATURAL BEAUTY brushes; and from acting in any way or representing that any of Defendant's products are Plaintiff's products, or cause consumer or retail confusion about the origin of Defendant's products

2. An order of the Court compelling Defendant to take affirmative steps to dispel false impressions created by the confusingly similar trade dress as described herein, by recalling from all channels of distribution all infringing products and promotional materials and doing such other acts as the Court deems just and proper to remedy the harm that they have caused.

3. An order for an accounting to Plaintiff for all profits arising from the practices described herein.

4. In accordance with the accounting, to award Plaintiff a judgment for three times such profits or damages (whichever is greater) pursuant to 15 U.S.C. § 1117.

5. Costs be awarded to Plaintiff including reasonable attorney fees and disbursements pursuant to 15 U.S.C. § 1117.

6. Punitive damages be awarded to Plaintiff in view of Defendant's intentional and willful trade dress infringement and other conduct.

7. That Plaintiff be granted such and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims as to which a jury trial may be had.

Dated:

PARIS PRESENTS INCORPORATED

By:  /s/Lynn Rosenthal Mayer, Esq.
Attorney for Plaintiff
3800 Swanson Court
Gurnee, Illinois 60031
(847) 263-4107
